**Piscopo v. Morrisville Borough**

*Richard P. McBride*, for appellants.

*Charles J. Conturso,* for appellee.

*Reeder R. Fox,* for intervenor.

RUFE, J., December 9, 1974.—On January 15, 1974, one David Piscopo presented a proposed zoning map amendment to the Morrisville Borough Planning Commission at a regular monthly meeting of that commission. In attendance at the meeting was a staff member of the Bucks County Planning Commission who reviewed the proposal and advised the borough planning commission that he "had no problem with it," whereupon the borough planning commission, and subsequently the Morrisville Borough Council, approved the requested zoning amendment. The Bucks County Planning Commission staff member did not formally present the proposal to the county planning commission, nor did the county body ever officially take action on the proposal, or make an official written recommendation to the Morrisville Borough Planning Commission on borough council.

The appellants have challenged the validity of the zoning map change on the basis that the above-described review by a county planning commission staff member did not comply with the Municipalities Planning Code requirement that all proposed changes be submitted to the county planning agency. After previous argument before the court en banc, a further hearing was ordered to determine the actual proceedings at the borough planning commission and the procedures then in effect for such submissions and approvals to the county planning commission.

Said further hearing has been held and the matter is now before the undersigned for disposition on the same submission compliance question.

The testimony at the hearing bore out the above-stated facts as well as the further facts that a profes-

sional staff employe of the Bucks County Planning Commission, who was not an actual member of the nine-man county commission, attended all Morrisville Borough Planning Commission meetings as a consultant pursuant to a contract between the borough and the commission. In January 1974, the procedure in effect, as established by the Bucks County Planning Commission, authorized the professional staff employe present at such municipal planning commission meetings to receive submissions of proposed zoning changes and make recommendations to the local municipalities without presenting such proposals to, or receiving formal recommendations from, the county planning commission. Subsequently, in May 1974, this procedure was changed so that thereafter all zoning proposals must be formally presented to the county planning commission and written recommendations thereupon delivered to the local municipalities after the commission itself has acted upon such proposals.

In the instant case, the zoning map amendments here in question was submitted to the professional staff employe of the Bucks County Planning Commission at the January 15, 1974, meeting of the Morrisville Borough Planning Commission, and he did receive the proposal, review it and make recommendation of approval thereon that same night pursuant to the authority that had been vested in him by the Bucks County Planning Commission.

The question now before us is whether or not this procedure satisfies the following requirements of the Municipalities Planning Code found in the last sentence of section 609:[1]

"If a county planning agency shall have been

1. Act of July 31, 1968, P. L. 805, art. VI, sec. 609; Act of June 1, 1972, P. L. 238 (No. 93), sec. 609, 53 PS § 10609.

created for the county in which the city, borough, incorporated town or township adopting the ordinance is located, then at least thirty days prior to the hearing on the ordinance by the local governing body, the city, borough, incorporated town or township planning agency shall submit the proposed ordinance to the county planning agency for recommendations."

The protestants in their brief have argued extensively that the above submission rule is mandatory and noncompliance therewith renders the proposed change invalid. We agree with this contention completely. However, in the instant case the question is whether or not, as a matter of law, the procedure followed constitutes the required "submission."

In view of the fact that the local municipality deemed and considered the zoning map amendment to have been "submitted" to the county planning commission by having it reviewed in the manner above described, and, indeed, the procedure to receive "submissions" of zoning proposals was that followed on other occasions and accepted as an appropriate delegation of authority by the county planning commission to its professional staff employes. The only question remaining is whether or not such delegation of authority to receive such zoning submission by the county planning commission to its professional staff complies with the submission requirement of the Municipalities Planning Code as a matter of law.

After a thorough review of the powers and duties of county planning commissions and a study of the Municipalities Planning Code, we have not encountered any prohibition against a county planning commission authorizing its professional staff to receive zoning amendment submissions and make recommendations thereon without actually involving the

planning commission itself in the matter. While we do recognize that the new procedure adopted in May 1974, whereby the county planning commission itself takes formal action on every matter, is administratively better for the formal record of submission reasons that are apparent in this case, as a practical matter there is, in all probability, no difference in the degree of review or the ultimate recommendation from the prior procedure to the present procedure.

As Judge Garb said in Newtown Township Zoning Appeal, 51 D. & C. 2d 310 (1970), at page 320, in another context:

"The purpose of this requirement is to permit the planning commission, a body intended to exercise some expertise in the area of planning, to review the zoning ordinance or amendments thereto within the context of the comprehensive plan as enacted and make recommendations thereby to the governing body."

In the instant case, a professional staff employe of the county planning commission who was familiar with the particular questions posed by the proposed zoning map amendment from prior contacts involving the same area did receive and review the proposals and did make a recommendation to the local municipality. While the new procedure would have imposed more formality on the matter and resulted in a written record of the submission, it is unlikely that any more thorough or in depth professional review of the proposal would have occurred than that which did take place. Accordingly, we must conclude that the required submission of the zoning proposal to the county planning commission did occur in the above case, and, accordingly, we enter the following

## ORDER

And now, December 9, 1974, the appeal of James Piscopo and Nicholas Piscopo from the adoption of an amendment to the zoning ordinance and map of Morrisville Borough enacted on March 14, 1974, is hereby dismissed.